UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL R. STEELE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:11 CV 228 |
| SUPERINTENDENT, Miami Correctional Facility, | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Petitioner Michael Steele has not filed an actual petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Instead, he filed a motion to appoint counsel to represent him in this habeas corpus proceeding, and to draft a second or successive petition for writ of habeas corpus for him. Steele states that "[i]n support of this motion, Petitioner submits Documents to let this Court know that the Petitioner is under the Sentence of 'Death' . . ." (DE # 1 at 1).[1]

Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

---

[1] The petitioner's submissions establish that he is not under sentence of death (DE # 1-1 at 6 ¶ 4.) *See also Steele v. State,* 569 N.E.2d 652, 653 (1991).

Attachments to Steele's motion to appoint counsel establish that he wishes to challenge his 1989 Elkhart County convictions for murder and attempted murder. (DE # 1-1 at 6.) Any petition for writ of habeas corpus Steele files challenging these convictions, with or without counsel, will be a second or successive petition because he has already challenged his 1989 Elkhart County convictions for murder and attempted murder, for which he was sentenced to sixty and fifty year sentences to be served consecutively. *Steele v. State,* 569 N.E.2d 652, 653 (1991). In 1994, Steele filed a petition for writ of habeas corpus in this court challenging his 1989 conviction, 3:94-cv-101 AS, which was denied on August 16, 1994, in a published opinion. *Steele v. Duckworth*, 900 F. Supp. 1048 (N.D. Ind. 1994). The Seventh Circuit affirmed the denial of habeas relief on July 28, 1995. *Steele v. Duckworth*, 62 F.3d 1419 (7th Cir. 1995). The United States Supreme Court denied Steele's petition for writ of certiorari on November 27, 1995. *Steele v. Duckworth*, 516 U.S. 997 (1995).

In 1998, Steele filed another petition for writ of habeas corpus challenging his 1989 convictions, *Steele v. Anderson*, 3:98cv298 JVB, which was dismissed on July 13, 1998, "without prejudice so petitioner can seek, if he chooses to do so, authorization from the Court of Appeals to file a successive petition." (DE # 3.) In 2010, Steele filed yet another petition for writ of habeas corpus challenging his 1989 convictions, *Steele v. Superintendent, Wabash Valley Correctional Facility*, 3:10-cv-104 JVB. The court also dismissed that petition as a second or successive petition (DE # 19) without prejudice, to give Steele the opportunity to seek leave from the United States Court of Appeals for

the Seventh Circuit to file a second or successive petition.

The petition for writ of habeas corpus Steele wishes to file in this cause of action will be a second or successive petition. In general, 28 U.S.C. § 2244(b) disallows successive petitions:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1) & (3); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (absent such authorization, the district court has "no option other than to deny the petition").

"A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d at 991. Steele concedes that he has not obtained permission from the court of appeals to file another petition challenging his 1989 conviction, and argues that this court should grant his request for appointment of counsel "because he needs counsel to file with the United States Court of Appeals for the Seventh Circuit for the authorization to file a second or successive petition for a Writ of Habeas Corpus." (DE # 2 at 1.) Because he has not obtained leave of the court of appeals to file a second or successive petition, this court must dismiss this cause of action. Because Steele may file a second or successive petition if he obtains permission from the United States Court of Appeals for the Seventh

3

Circuit, the court will dismiss this action without prejudice.

In this action, Steele attempted to mislead this court into believing he was under sentence of death when he is not. This is also the third time this court has dismissed attempts by Steele to file a second or successive petition for writ of habeas corpus, and advised him that he must obtain permission from the Seventh Circuit before seeking to file a second or successive petition for writ of habeas corpus in a district court. The court cautions the petitioner that if he makes another attempt to file a petition for writ of habeas corpus in this district without first obtaining leave from the Seventh Circuit to do so he may be fined, sanctioned, or restricted.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant Steele a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the

petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the court concludes that Steele's attempt to file a petition for writ of habeas corpus must be dismissed because it would be a second or successive petition without leave of the circuit court. Jurists of reason could not debate the correctness of this procedural ruling or find a reason to encourage Steele to proceed further. Accordingly, the court declines to issue Steele a certificate of appealability.

For the foregoing reasons, the court:

(1) **DENIES** petitioner's motion for appointment of counsel (DE # 1);

(2) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES and 28 U.S.C. § 2244(b), the court **DISMISSES** this action without prejudice and **DIRECTS** the Clerk to close this case;

(3) **DENIES** petitioner a certificate of appealability; and

(4) **CAUTIONS** petitioner that if he makes another attempt to file a petition for writ of habeas corpus in this court challenging his 1989 Elkhart convictions for murder and attempted murder without first obtaining leave from the Seventh Circuit to do so he may be fined, sanctioned, or restricted.

                        **SO ORDERED.**

Date: June 10, 2010

                                    s/James T. Moody_____
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT